ACCEPTED
01-15-00509-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/19/2015 4:39:22 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00509-CR

IN THE
COURT OF APPEALS
FOR THE
FIRST JUDICIAL DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/19/2015 4:39:22 PM
CHRISTOPHER A. PRINE
Clerk

---

NSEABASI SAMUEL WILLIAMS,

Appellant

VS.

THE STATE OF TEXAS

Appellee

---

APPELLANT'S BRIEF
(*Anders* Brief)

---

On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 1455282

---

Jerome Godinich Jr.
SBN: 08054700
917 Franklin, Suite 320
Houston, Texas 77002
Tel: (713) 237-8388
Fax: (713) 224-2889

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ........................................................................................... iii

INTERESTED PARTIES ................................................................................................ v

CITATION TO THE RECORD ...................................................................................... vi

STATEMENT REGARDING ORAL ARGUMENT ...................................................... vii

PRELIMINARY STATEMENT ....................................................................................... 2

DISCUSSION ................................................................................................................... 2

    A. STATEMENT OF THE CASE ................................................................................. 3

    B. STATEMENT OF FACTS ....................................................................................... 3

    C. POSSIBLE AREAS OF CONCERN ....................................................................... 3

        1. Jurisdictional Questions ..................................................................................... 4
        2. Voluntariness of the Plea ................................................................................... 5

            a. Court's Admonishments ............................................................................. 6
            b. Ineffective Assistance of Counsel ............................................................. 7

        3. SENTENCING ................................................................................................... 8

            a. Entering a Finding of Guilt After Reading the PSI ................. 8
            b. The PSI Report ......................................................................................... 9
            c. Ineffective Assistance of Counsel at Sentencing ................... 10

    E. CONCLUSION ....................................................................................................... 10

    CERTIFICATE OF SERVICE ...................................................................................... 11
    CERTIFICATE OF COMPLIANCE ............................................................................ 11

# INDEX OF AUTHORITIES

Cases

*Anders v. California* 386 U.S. 738 (1967) ........................................................2

*Blalock v. State*, 728 S.W.2d 135(Tex. App.--Houston [14th Dist.] 1987, pet. ref'd) 8

*Edwards v. State*, 921 S.W.2d, 477 (Tex. App.--Houston [1ˢᵗ Dist.] 1996, no pet.) 7

*Ex Parte Duffy*, 607 S.W.2d 507 (Tex. Crim. App. 1980) ...........................10

*Ex parte Williams*, 704 S.W.2d 773 (Tex. Crim. App. 1986) .........................6

*Flowers v. State*, 935 S.W.2d 131 (Tex.Crim.App. 1996) ...........................4,7

*Fuentes v. State*, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985)......................6

*Garcia v. Dial*, 596 S.W.2d 524 (Tex.Cr.App.1980) ....................................4

*High v. State*, 573 S.W.2d 807 (Tex.Cr. App. 1978) ....................................2

*Hutchinson v. State*, 663 S.W.2d 610, 612 (Tex.App.--Houston [1st Dist.] 1984, pet. ref'd)............................................................................... 10

*Jack v. State*, 871 S.W.2d 741(Tex. Crim. App. 1994)(En Banc).....................4

*Kelly v. State*, 436 S.W. 3d 313 (Tex.Crim.App. 2014)................................2

*Lyon v. State*, 872 S.W.2d 732(Tex.Crim.App.),cert. denied, 114 S.Ct. 816 (1994) 4

*McGowin v. State*, 912 S.W.2d 837 (Tex.App.--Dallas 1995, no pet.).................6

*Penny v. State*, 880 S.W.2d 59 (Tex.App.--Dallas 1994, no pet.) (en banc)............6

*Richardson v. State*, 921 S.W.2d 359 (Tex. App.--Houston [1ˢᵗ Dist.] 1996, no pet.) 7

*Smith v. State*, 676 S.W.2d 379, 385 (Tex. Crim. App. 1984), cert. denied, 471 U.S. 1061, 105 S.Ct. 2173, 85 L.Ed.2d 490 (1985)......  .............................7

*Soto v. State*, 837 S.W.2d 401 (Tex.App.--Dallas 1992, no pet.)...................................6

*Wissinger v. State*, 702 S.W.2d 261(Tex.App.--Houston [1st Dist.]1985, pet. ref'd) 9

Statutes

Tex. Crim. Proc. Code Ann. § 1.13(a)..........................................................7

Tex. Crim. Proc. Code Ann. § 21.03 .............................................................5

Tex. Crim. Proc. Code Ann. § 21.02 .............................................................5

Tex. Crim. Proc. Code Ann. § 26.13 .............................................................5

Tex. Crim. Proc. Code Ann. § 42.12, 3g(a)(1)(c) .........................................6,9

Tex. Crim. Proc. Code Ann. § 42.12 (5)(a).....................................................9

Tex. Penal Code Ann. § 71.02.......................................................................5

Tex. Penal Code Ann. § 71.02 (a)(8)(b)..........................................................6

Tex. Penal Code Ann. § 32.51 (b)(1) .............................................................4

# INTERESTED PARTIES

Presiding Judge:                              Jim Wallace
263rd District Court
1201 Franklin, 15th Floor
Houston, Texas 77002

Defendant:                                 Ms. Nseabasi Samuel Williams

The Prosecutors:                     Mr. Coby Leslie (Trial)
Assistant District Attorney
1201 Franklin
Houston, Texas 77002

Mr. Alan Curry (Appeal)
Assistant District Attorney
1201 Franklin
Houston, Texas 77002

The Defense Attorneys:          Mr. Louis M. Newman (Trial)
405 Main, Suite 950
Houston, Texas 77002

Jerome Godinich, Jr. (Appeal)
917 Franklin, Suite 320
Houston, Texas 77002

v

## CITATIONS TO THE RECORD

The Record consists of one volume of clerk's record which will be as cited as "CR" followed by the document "Bates Stamp" (e.g. "CR-003") and one volume Court Report's Record which will be cited by volume number followed by the page number (e.g. "Vol. 1 –p. 26").

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex. R. App. P. 75, Appellant's counsel asks the Court to defer any announcement on oral argument until Appellant has an opportunity to make such election in her pro se brief.

No. 01-15-00509-CR

IN THE
COURT OF APPEALS
FORTHE
FIRST JUDICIAL DISTRICT OF TEXAS

NSEABASI SAMUEL WILLIAMS,

Appellant

VS.

THE STATE OF TEXAS

Appellee

APPELLANT'S BRIEF
(*Anders* Brief)

On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 1455282

TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:

COMES NOW, Nseabasi Samuel Williams, Appellant herein, by and through

her counsel appointed on appeal, Jerome Godinich Jr., and files this her appellant's

1

brief. She would respectfully show the Court as follows:

PRELIMINARY STATEMENT

In compliance with the requirements of *Anders v. California,* 386 U.S. 738 (1967), *High v. State,* 573 S.W. 2d 807 (Tex.Crim.App. 1978) and *Kelly v. State,* 436 S.W. 3d 313 (Tex.Crim.App. 2014), court-appointed counsel on this appeal states that he has diligently reviewed the entire appellate record in this case as well as the applicable case law. In his opinion, the record presents no plausible grounds for appeal.

The undersigned attorney has 1) written a letter to the appellant notifying her of counsel's opinion, 2) provided the appellant with a copy of this *Anders* Brief along with a copy of counsel's Motion to Withdraw, 3) informed the appellant of her right to file a *pro se* response and of her right to review the record preparatory to filing that response, 4) informed the appellant that, should she choose to invoke her right to file a *pro se* response, she should sign and date a Motion to Review the Appellate Record (a form for which was included) and return it to the Court of Appeals within ten days of the date of the accompanying letter, 5) provided the appellant with the mailing address for the Court of Appeals, and 6) advised the appellant of her right to file a Petition for Discretionary Review with the Court of Criminal Appeals should she fail to get relief at the lower level.

2

# DISCUSSION

## A. STATEMENT OF THE CASE

On March 13, 2015, the appellant pled "guilty" to the offense of Fraudulent Use of Identifying Information- less than five items. The plea was made without any type of agreement between the State and the appellant. The court ordered the preparation of the presentence investigation report and scheduled sentencing for May 13, 2015. On May 13, 2015, the court reviewed the presentence investigation report. The court heard argument from both counsel for Ms. Williams and counsel for the state. Ms. Williams also addressed the court.

At the conclusion of the hearing, the trial court denied appellant's request for deferred adjudication probation, adjudged the appellant guilty of the offense of Fraudulent Use of Identifying Information and sentence her to 5 years confinement in the Institutional Division of the Texas Department of Criminal Justice. (CR-67-68).

The appellant filed Notice of Appeal on May 13, 2015 (CR-62) and the trial court certified that the appellant had retained her right of appeal on May 13, 2015 (CR-62).

## B. STATEMENT OF FACTS

At the outset of the sentencing hearing on the appellant's request for probation, the appellant took responsibility for her role in the offense. No

3

witnesses, other that the appellant were called by either the state or the defense.

## C. POSSIBLE AREAS OF CONCERN

Appellant pled guilty to fraudulent use of identifying information in cause no. 1390429 to the court without an agreed recommendation on March 13, 2015. The trial court withheld a finding of guilt and the case was reset so that a PSI report could be prepared. On May 13, 2015 the appellant was sentenced to 5 years in the Institutional Division of the Texas Department of Corrections.

Since any non-jurisdictional defects are waived by pleas of guilty, *Jack v. State*, 871 S.W.2d 741, 742 (Tex. Crim. App. 1994)(en banc), the only areas in this case that might contain some type of reversible error would be 1) those that constitute jurisdictional defects, 2) questions concerning the voluntariness of appellant's plea, *Flowers v. State*, 935 S.W.2d 131 (Tex.Crim.App. 1996), or 3) those errors that occurred after the plea which, in this case, means during sentencing or involving the PSI report.

### 1.    Jurisdictional Questions

See generally, *Garcia v. Dial*, 596 S.W.2d 524 (Tex. Crim. App. 1980).

The clerk's record contains the original complaint, indictment and re-indictment. The indictment for Engaging in Organized Criminal Activity- Fraudulent Use of Identifying Information less than five items tracked the language of Tex. Penal Code

4

Ann. § 71.02 and Tex. Penal Code Ann. § 32.51(b)(1) in that they alleged the following elements:

a. A person Nseabasi Samuel Williams did

b. with the intent to establish, maintain and participate in a combination and in the profits of a combination

c. said combination consisting of Esseabasi Williams, Stephanie Atak, Nathaniel Jackson, Christopher Hutchins, Miguel Hall and Nseabasi Williams

d. commit the offense of Fraudulent Use of Identifying Information

e. it that she did unlawfully with the intent to defraud and harm another

f. obtain, possess or use identifying information of another person without the person's consent.

The indictment thus alleged all the elements necessary to sustain a conviction for the charged offenses. Tex. Crim Proc. Ann § 21.03 (West 2012). Further, the indictments allege dates anterior to the filing, and there is no statute of limitations problem. Tex. Crim. Proc. Code Ann. § 21.02 (West 2012). The charged offenses were pled sufficiently to enable the appellant to plead the judgment in bar of any later attempted prosecution for the same offense. Tex. Crim. Proc. Code Ann. § 21.04 (West 2012).

Moreover, at the time of the plea, the state abandoned the enhancement paragraph and reduced the charged offense to a third degree felony. Tex. Penal Code

5

Ann. § 71.02 (a)(8)(b) (West 2012).

## 2. Voluntariness of the Plea

### a. Court's Admonishments

While a point of error asserting that the trial court erred in admonishing a defendant does not allege a jurisdictional defect, it can provide a link to the involuntariness of a guilty plea. *See, McGowin v. State*, 912 S.W.2d 837, 841 (Tex.App.--Dallas 1995, no pet.); *Penny v. State*, 880 S.W.2d 59, 61 (Tex.App.--Dallas 1994, no pet.) (en banc). Conversely, when the record shows a defendant was properly admonished under the code of criminal procedure before pleading guilty, it presents a prima facie showing that the plea was knowing and voluntary. *Soto v. State*, 837 S.W.2d 401, 405 (Tex.App.--Dallas 1992, no pet.). See Also, *Ex parte Williams*, 704 S.W.2d 773, 775 (Tex.Crim.App.1986)(A record demonstrating that the defendant received an admonishment on punishment is a prima facie showing that the plea was knowing and voluntary.) Once such a showing is made, the burden then shifts to appellant to establish he did not understand the consequences of his plea. *Soto*, 837 S.W.2d at 405; *Fuentes v. State*, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985).

In this case, the trial court admonished the appellant in writing in compliance with Tex. Crim. Proc. Code Ann. § 26.13. The appellant signed those admonishments (CR- 56-60) which included a waiver of trial by jury signed by both the Court and the

state, and was made in person by the appellant in open court and recorded in the minutes of the court as required by Tex. Crim. Proc. Code Ann. § 1.13(a)(West 2012).

The admonishments included a statement that the appellant was aware of the consequences of her plea, had gone over all of the admonishments with her attorney, and was making that plea freely and voluntarily. Once the accused attests that she understood the nature of her plea and that it was voluntary, she has a heavy burden to prove on appeal that his plea was involuntary. *Edwards v. State*, 921 S.W.2d, 477, 479(Tex. App.--Houston [1st Dist.] 1996, no pet.). A plea will be involuntary only if the appellant shows affirmatively that the court's admonishments left her unaware of the consequences of her plea and that she was misled or harmed. *Ex Parte Williams*, 704 S.W.2d at 773, 775(Tex. Crim. App. 1986). There simply is no such showing in the record.

### b. Ineffective Assistance of Counsel

As in the case of a claim of improper admonishments, an ineffective assistance of counsel claim is not a jurisdictional defect. *Richardson v. State*, 921 S.W.2d 359, 360(Tex. App.--Houston [1st Dist.] 1996, no pet.). However, it may provide evidence that the plea itself was involuntary. *See Flowers v. State*, 935 S.W.2d 131 (Tex.Crim.App.1996) (per curiam)(Court would consider whether attorney's assertion that the defendant would do no jail time made plea involuntary.) However, allegations

of ineffective assistance will be sustained only if they are firmly founded in the record. *Smith v. State*, 676 S.W.2d 379, 385 (Tex. Crim. App. 1984), cert. denied, 105 S.Ct. 2173, (1985); *Flowers*, 935 S.W.2d at 137. There is nothing in the record to suggest that trial counsel did anything that caused appellant to plead guilty involuntarily. Based on this record, the appellant cannot meet her burden of showing that she entered her plea without understanding the consequences of his actions or that he was harmed in any way.

### 3. SENTENCING

#### a. Entering a Finding of Guilt After Reading the PSI

In this case, appellant entered a plea of guilty, signed a judicial confession and stipulated to the evidence of her guilt. She also filed a motion for probation. The trial court accepted her plea, but withheld a finding of guilt until after a PSI report had been completed.

The procedure followed by the trial court in this case was approved in *Blalock v. State*, 728 S.W.2d 135, 138-39 (Tex. App.--Houston [14th Dist.] 1987, pet. ref'd). There, the appellant entered a plea of guilty and sought a probated sentence through a deferred adjudication of guilt. *Id.* at 138. The trial court accepted the appellant's plea but delayed its finding of guilt until a PSI report could be prepared so that the court would be able to consider deferred adjudication as an option. *Id.* at 138-39. After

8

receiving a prison sentence, the appellant complained that it was improper for the court to read the PSI before entering a final adjudication of guilt. The Court held that, since the appellant sought a probated sentence, and Tex. Code Crim.Proc.Ann. § 42.12, 3g(a)(1)(C) (West 2012) provided that a defendant adjudged guilty of aggravated sexual assault could not receive a probated sentence, the only way appellant could have been placed on probation was if the trial court deferred adjudication of guilt until after the PSI was reviewed. Since the defendant had already pled guilty and the court had all of the evidence it needed, the PSI had no effect on the determination of guilt but related only to punishment. *Blalock,* 728 S.W.2d at 138.

As in *Blalock*, the appellant sought probation for her charged offense. See Tex. Code Crim. Proc. Ann. § 42.12, (5)(a) (West 2012). There is no evidence in this case that the trial judge considered the PSI report or ordered it until the appellant had plead guilty, signed a judicial confession, and stipulated to the evidence of his guilt. Therefore, the report could not have influenced the judge except in deciding the appropriate punishment. *see also Wissinger v. State,* 702 S.W.2d 261, 263 (Tex.App.--Houston [1st Dist.] 1985, pet. ref'd)(Where the defendant plead no contest, signed a judicial confession, and stipulated to evidence of guilt, the PSI could have only influenced punishment.)

### b. The PSI Report

Originally, the PSI report in this case was not made a part of the record. However, counsel has obtained a copy of the report and has requested that the record be supplemented to include the P.S.I. report. The hearing transcript reflects no objection, correction or deletion to the P.S.I. report.

### c. Ineffective Assistance of Counsel at Sentencing

First announced in *Ex Parte Duffy*, 607 S.W.2d 507 (Tex. Crim. App. 1980), the applicable standard for ineffective assistance in a non-capital case requires a showing of harm due to the alleged ineffective assistance. *Id.* at 524. An assertion of ineffective counsel will be sustained only if the record affirmatively demonstrates the counsel's ineffectiveness. *Hutchinson v. State*, 663 S.W.2d 610, 612 (Tex.App.--Houston [1st Dist.] 1984, pet. ref'd). The record in the instant case fails to support any claim of ineffective assistance of counsel at the punishment phase of the trial.

### C. <u>CONCLUSION</u>

There being no reversible error in the record, counsel cannot ask the Court to set aside the judgment below. Counsel does, however, request the record be made available to appellant so that she may review it for a pro se brief, if desired. An extension of time for filing a pro se brief is also requested in the event the appellant

10

desires to file such a brief.

Respectfully submitted,

Jerome Godinich Jr.
917 Franklin, Suite 320
Houston, Texas 77002
Tel: (713) 237-8388
Fax: (713) 224-2889

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record on this _19th_ day of _November_, 2015, to wit:

Mr. Alan Curry
Appellate Division
Harris County District Attorney's Office
1201 Fannin
Houston, Texas 77002

Jerome Godinich Jr.

11

## CERTIFICATE OF COMPLIANCE

I certify that this brief in compliance with Texas R. App. Rule 9.4(i)(3) in it contains 2837 words.

_____
Jerome Godinich Jr.